THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* RONALD COPPERSMITH, Petitioner-Appellant.

First District (1st Division)   No. 76-488

Opinion filed March 21, 1977.

James J. Doherty, Public Defender, of Chicago (George S. Pfeifer and Donald Paull, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Myra J. Brown, and Salvatore R. Marzullo, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Petitioner, Ronald Coppersmith, on September 10, 1971, after a hearing, was adjudicated unfit to stand trial on two counts of murder and remanded under the then applicable statute (Ill. Rev. Stat. 1967, ch. 38, par. 104—3(a)) to the custody of the Department of Mental Health until such time as he regained fitness.

On July 11, 1975, petitioner filed a handwritten pro se petition:

"Petition for Sanity Hearing
Now come Petitioner Seek for a Sanity Hearing and Pray for his freedom he is Sane. this is the truth So help God.
Sign Petitioner Ronald Coppersmith."

The State moved to dismiss this petition.

Prior to the filing of the petition, a staff psychiatrist at Chester Mental Health Center had submitted a medical report on petitioner, expressing the psychiatrist's professional judgment that there was no substantial probability that petitioner would ever reach a point where he would be considered fit to stand trial. On December 15, 1975, subsequent to the filing of the petition, the assistant superintendent of the Chester Mental Health Center sent a letter to the Assistant State's Attorney containing a copy of a psychiatric evaluation of petitioner, dated November 21, 1975. The letter said that Dr. Goldsborough stated that petitioner was not fit to stand trial and could not at this time cooperate with counsel.

After this letter was called to the trial court's attention on January 13, 1976, the court sustained the State's motion to dismiss. Petitioner, represented by the Public Defender of Cook County, appeals.

The section of the Criminal Code under which petitioner was remanded to the custody of the Department of Mental Health (Ill. Rev. Stat. 1967, ch. 38, par. 104—3) was repealed by the Unified Code of Corrections, which became effective January 1, 1973 (Ill. Rev. Stat. 1973, ch. 38, pars. 1008—5—1, 1008—6—1). The subject matter of the repealed section is contained in section 5—2—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—2).

Section 5—2—2 provides (Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—2):

"(a) If the defendant is found unfit to stand trial or be sentenced, the court shall remand the defendant to a hospital, as defined by the Mental Health Code of 1967, and shall order that a hearing be conducted in accordance with the procedures, and within the time periods, specified in such Act. The disposition of defendant pursuant to such hearing, and the admission, detention, care, treatment and discharge of any such defendant found to be in need of mental treatment, shall be determined in accordance with such Act. If the defendant is not ordered hospitalized in such hearing, the Department of Mental Health shall petition the trial court to release the defendant on bail or recognizance, under such conditions as the court finds appropriate, which may include, but need not be limited to requiring the defendant to submit to or to secure treatment for his mental condition.

(b) A defendant hospitalized under this Section shall be returned to the court not more than 90 days after the court's original finding of unfitness, and each 12 months thereafter. At such re-examination the court may proceed, find, and order as in the first instance under paragraph (a) of this Section. If the court finds that defendant continues to be unfit to stand trial or be sentenced but that he no longer requires hospitalization, the defendant shall be released under paragraph (a) of this Section on bail or recognizance. *Either the State or the defendant may at any time petition the court for review of the defendant's fitness.*

(c) A person found unfit under the provisions of this Article who is thereafter sentenced for the offense charged at the time of such finding, shall be credited with time during which he was confined in a public or private hospital after such a finding of unfitness. If a defendant has been confined in a public or private hospital after a finding of unfitness under Section 5—2—6 for a period equal to the maximum sentence of imprisonment that could be imposed under Article 8 for the offense or offenses charged, the court shall order

the charge or charges dismissed on motion of the defendant, his guardian, or the Director of the Department of Mental Health.

(d) An order finding the defendant unfit is a final order for purposes of appeal by the State or by the defendant." (Emphasis added.)

The Council Commentary to this section states in pertinent part:

"Former Law: The comparable section in the Code of 1963 was section 104—3 of Chapter 38. Ch. 38, §104—3 (repealed). Subparagraph (a) provides for commitment to the Department of Mental Health under the Mental Health Code rather than automatically as under former law. By avoiding automatic commitment, the State is saved the unnecessary expense of institutionalization in cases where it is not required. Under subparagraph (a), the original criminal court determines whether to release on bail or recognizance, but the question of whether to institutionalize the person is determined at a civil commitment hearing under the Mental Health Code of 1967. *Subparagraph (b) provides for a review of the issue of continued commitment in open court at stated intervals, with power in the State's Attorney or defendant to petition at other times.* This expands and clarifies former law which required a review only 'when reasonable grounds exist to believe that an incompetent is now competent.' Subsequent re-examination hearings were intended to be heard by the court without a jury even if the original determination of unfitness was made by a jury. *The court may determine a petition for review without the defendant being present in court.* Subparagraph (c) makes confinement in a mental health institution for the maximum term of the criminal charge grounds for dismissal of the charge. Subparagraph (d) clarifies the former statute by stating that a determination of unfitness is a final order for purposes of appeal." (Emphasis added.) Ill. Ann. Stat., ch. 38, par. 1005—2—2, Council Commentary (Smith-Hurd 1973).

The handwritten "Petition for Sanity Hearing" filed by petitioner comes within the last sentence of Section 5—2—2(b): "Either the State or the defendant may at any time petition the court for review of the defendant's fitness." Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—2(b).

Section 5—2—1(e)(f) sets forth the types of evidence relevant in determining a defendant's fitness (Ill. Rev. Stat. 1973, ch. 38, par. 1005—2—1(e)(f)):

"(e) Subject to the rules of evidence, matters admissible on the question of the defendant's fitness to stand trial or be sentenced may include, but shall not be limited to, the following items:

(1) the defendant's social behavior or abilities; orientation

as to time and place; recognition and correlation of persons, places and things; performance of motor processes; and behavioral functions, habits, and practices;

(2) the defendant's knowledge and understanding of the nature of the charge; of the nature of the proceedings; of the consequences of a finding, judgment or sentence; of the courtroom facilities and personnel; and of the functions of the participants in the trial process;

(3) the defendant's abilities before and during trial to observe, recollect, consider, correlate and narrate occurrences, especially those concerning his own past and those concerning the incidents alleged; to communicate with counsel; and to reason and make judgments concerning questions and suggestions of counsel before trial and in the trial process.

(f) Any party may introduce evidence as to the defendant's fitness."

The Council Commentary states:

"Subparagraph (e) lists the types of evidence which are relevant in determining the issue of fitness. It focuses attention on the nature of the issue and is intended to clarify for the parties what is being decided. There was pervasive confusion in this area in Illinois. See, Matthews, Mental Disability and the Criminal Law (1970)." Ill. Ann. Stat., ch. 38, par. 1005—2—1, Council Commentary (Smith-Hurd 1973).

The record discloses that the following is the entire hearing accorded petitioner:

"The Clerk: Ronald Coppersmith.

Mr. O'Hara [Assistant Public Defender]: Mr. Coppersmith was adjudged unfit for trial. I don't know if there has been any return from Chester.

Mr. Glenville [Assistant State's Attorney]: I have at this time a letter in my hand dated September 15th, 1975, from Ralph Cea, assistant superintendent, who states that he is not fit to stand trial and could not at this time cooperate with counsel.

We'd ask that the petition be dismissed.

The Court: Motion to dismiss will be sustained."

The letter referred to by the Assistant State's Attorney is undoubtedly the letter mentioned above enclosing the psychiatric evaluation of petitioner. Clearly this summary disposition of his petition does not comport with due process. The order of the circuit court of Cook County is reversed and the cause remanded for a new hearing.

Our conclusion makes it unnecessary to consider the petitioner's

contention that his petition should be considered as a writ of habeas corpus and that he is entitled to a discharge under section 22 of the Habeas Corpus Act (Ill. Rev. Stat. 1973, ch. 65, par. 22).

Judgment reversed and cause remanded.

McGLOON and BUA, JJ., concur.